## ARNOLD CREAMERY CO v REYWA

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9608. Decided May 20, 1929

Messrs. Dustin, McKeehan. Merrick, Arter & Stewart, Cleveland, for Arnold Creamery Co.

Messrs. Cline & Patterson and Kohrman & Kohrman, all of Cleveland, for Reywa.

### VICKERY, PJ.

Notwithstanding these facts, it is urged that there are several errors for which this judgment should be set aside. The main one is that the verdict is so large that it showed passion and prejudice upon the part of the jury; and to get at the question of passion and prejudice, we admit that the verdict must be taken as it was originally rendered by the jury, without regard to the remittitur ordered by the trial court, because if the verdict was rendered through passion and prejudice, the defendant was entitled not to have the judgment against it reduced, but to have it set aside entirely, because if it was rendered under passion and prejudice there is but one duty either for the reviewing court or the trial court in the premises, and that is, to set aside the verdict and judgment thereon and grant a new trial; so that really becomes the main question in this case.

Now when this case was tried, under a decision of the Supreme Court a party injured while in the course of his employment when working for a company or an individual that had complied with the Industrial Insurance Law, and the injured person being entitled to compensation from the Commission, if while in this situation he was injured by the negligence of a third person, would be entitled to recover from the third person, but in that event there must be a deduction from the amount that the plaintiff would otherwise be entitled to, to the extent of the amount allowed to him by the Industrial Commission. There never was any logic in this rule, although the writer of this opinion was the first Court in Ohio to adopt that rule a great many years ago when he sat on the Common Pleas Bench in Ashtabula County; but the rule was illogical, and the Supreme Court now has come to the saner rule that where a person is injured by the negligence of a third person, even though he gets compensation from his employer, that cannot be used to reduce the damage that he might otherwise obtain from the third person by reason of the third person's negligence; but at the time this lawsuit was tried, the Supreme Court had held that such a reduction was proper. Consequently, to get at the question as to whether this verdict was induced by passion and prejudice, gathered only from the size of the verdict, one must take into consideration the further fact that in addition to this $40,000 verdict, there were several years, two or three at least, during which this plaintiff below had been paid compensation, $975 a year, and this sum must be capitalized and added to the verdict in order to arrive at the amount that a jury could thus have found for him, had it not been for this reduction, and that sum added to the $40,000, it is claimed, is of such a magnitude that it of itself is evidence of passion and prejudice.

The elevator was out of order, was in a dangerous condition, and the parties knew it; that is, the plaintiff in error knew it, and took no steps to remedy it. This was a self-operating elevator, and the plaintiff below was working over-time and he went in there after hours, and there was no light in the elevator or in the building. It was argued that there need not be because it was still day-light, but when plaintiff turned the lever to bring the elevator down, if the elevator had been working right, he could not have opened the doors until the elevator platform was on a level with the floor, and then one part of the door would go down and the other part of the door would go up, and then he would have free access to the elevator. Now because of the defects of this elevator when he sought to bring it down, there was no light in it, and he

thought it was down by reason of the purring sound of the elevator, and the light flashed indicating that it was coming and the doors opened and he fell, or was precipitated in the pit below.

The fall to the basement in this building was some fifteen feet on a concrete floor. Plaintiff fractured his skull and dislocated and crushed two vertebrae of the back. He fractured the sternum and his wrist and received numerous other similar injuries. He was a man of powerful build, weighing, I think, in the neighborhood of two hundred pounds and he has been incapacitated and has become unable to perform any work down to the trial of this lawsuit. There was medical evidence besides his own testimony in regard to the injuries.

Now a recitation of these injuries will show that they are very severe. We are told in argument, and the record shows it, that he had to wear a steel brace of some kind around the waist and that he was only enabled to get around and do things by reason of this appliance; that he suffered the torments of the damned and will suffer for the rest of his life, in all human probability. It is true, the fracture of the skull seems to have healed, but there remains the crushed sternum and at least one or two of the vertebrae of his backbone have been crushed together and, according to Dr. Burke it has impinged on the spinal cord. How severe this may be nobody knows.

The plaintiff was a man fifty-one years of age. It is said he had diabetes and perhaps something else, but apparently the record shows that he was a strong, able bodied man, capable of doing the hardest kind of labor until this accident. He is a man of not much education and his work must be with his hands rather than with his brain.

Now with all this recitation of his injuries and his disabilities, it is difficult to measure with a nicety just what ought to be the damages allowed to him. We must remember that damages which would have been regarded as excessive twenty-five years ago are common now, and this court sustained a verdict not long ago where thirty-two thousand dollars was allowed to stand, and in that case like the present, the amount a man would recover as compensation was figured and deducted so that the verdict was reduced from something like $55,000 down to $38,000, and a judgment was rendered for that, and we let that judgment stand. It is true we think that that man's condition, as shown from the record, was worse than the condition of the plaintiff in the instant case, but it goes to show that courts are not going to measure with a nicety the exact amount of money that a man is entitled to recover if he is entitled to recover at all; so we do not think that this verdict was so excessive that it alone would show passion and prejudice on the part of the jury, and there is nothing else in this case to indicate such passion and prejudice.

Judge Kramer one of the careful trial judges of our Court of Common Pleas, heard the evidence, saw the parties, and thought that the verdict was high and he reduced it by taking off $10,000, which the plaintiff accepted, and entered up a judgment for $30,000. We do not think that on this ground we would be justified in disturbing this verdict. Other grounds of error are urged, largely in the submission of the case to the jury by the trial court. That the court was not explicit enough in its charge on the measure of damages. It seems that the plaintiff made some requests on the question of damages, as did the defendant, and the court gave them all and then told the jury that they should limit themselves to compensatory damages; that if other things were proved he was entitled to such damages as would compensate him for the injury.

There were several grounds upon which recovery was sought, several of which had been ruled out by the court but seven still remained and as to some of these there can be no question but that they were properly submitted. We think they were all properly submitted and that there is no error in this record that is of such substantial merit that would warrant a reviewing court in disturbing this verdict, and that while the verdict is high, yet the injuries are grave and in all human probability the plaintiff in the court below, defendant in error here, will be a sufferer from this accident as long as he lives.

Taking the whole record together, we cannot see any reason why the judgment should be disturbed and it will, therefore, be affirmed.

Sullivan and Levine, JJ, concur.